BENNETT et al. v. CAMPBELL et ux.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

CREDITORS' SUIT—REAL ESTATE IN NAME OF WIFE—DEFICIENCY JUDGMENT.
    In a creditors' suit to subject certain real estate standing in the name of a wife to judgments against her husband, it is error, on finding the property subject, to decree its sale, and to further provide that any deficiency should be made good out of the separate estate of the wife.

Appeal from special term, New York county.

Action by Daniel H. Bennett and another against William and Jane Campbell. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

The action was brought to subject certain premises standing in the name of the defendant Jane Campbell to the lien of judgments against her husband, on the ground that the property was held by her in fraud of the rights of the creditors of said husband. Judgment was entered holding said land subject to such rights, and ordering sale of the same, and providing that if the proceeds were insufficient to pay the judgment, with costs, the deficiency should be col-

lected either from the defendant William Campbell, or out of the separate property of the defendant Jane E. Campbell.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Arthur Knox, for appellants.

J. Woolsey Shepard, for respondents.

VAN BRUNT, P. J. Repeated perusals of the evidence taken upon the trial of this case lead us to the same conclusion which was arrived at by the learned judge in the court below. The attempt to show that the Eighteenth street house was bought with money belonging to the defendant Jane Campbell seems to us to have utterly failed. It is true that she aided her husband in his business, and that they labored together for the common good; but the evidence shows that the business was treated as the property of her husband, and that the money realized therefrom was his, to be disposed of as he saw fit. There was no separation or segregation of their interests. The money was always in charge of the husband, and in his name, and the title to the Eighteenth street house for the whole period during which it was owned remained in the name of the husband. It is probably true that, at the time of the purchase of the Eighteenth street house, Mrs. Campbell was disappointed that the title was not taken in her name; and, although it was attempted to be established that she felt this disappointment because it was purchased with her own money, the evidence of Mrs. Howell, a daughter of the defendants, clearly points out the grounds of such disappointment. She testified that when the deed was read over, after recording, the mother was disappointed, and objected to it, and "said it ought to be in her name; she helped to make the money that bought the house." Under all these circumstances, therefore, we do not think that the finding of the learned trial judge that this Eighteenth street property belonged to the husband, and that the taking of the title to the premises in question by the wife was only because of the unsatisfactory condition of his finances, was against the evidence.

But we think that the learned court erred in granting a judgment for deficiency, as in the case of a foreclosure. There was no warrant in law for any such relief, and the judgment should be modified in this respect.

The judgment appealed from should therefore be modified by striking out the deficiency clause, and as modified affirmed, without costs to either party. All concur.